IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GAIL L. GORDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-3337-CV-S-GAF-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case involves an application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381, *et seq*. Plaintiff's application for benefits was denied initially. On February 21, 2003, following a hearing, an administrative law judge (ALJ) rendered a decision finding plaintiff was not "disabled" as defined by the Act. On June 25, 2004, the Appeals Council denied plaintiff's request for review. Thus, the ALJ's decision is the final decision of the Commissioner subject to review herein.

When reviewing the Commissioner's decision concerning disability benefits, courts may not decide facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *See Brockman v. Sullivan*, 987 F.2d 1344, 1346 (8th Cir. 1993) (citing *Jelinek b. Bowen*, 870 F.2d 457, 458 (8th Cir. 1989)). Rather, the standard of appellate review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *See Sampson v. Apfel*, 165 F.3d 616, 618 (1999); *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Substantial evidence is that evidence which reasonable minds might accept as adequate to

support the Commissioner's conclusion. *See Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992). An administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *See Gaddis v. Chater*, 76 F.3d 893, 895 (8th Cir. 1996); *Shannon*, 54 F.3d at 486.

To establish entitlement to benefits, plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A) and 1382e(a)(3)(A). The Supreme Court in *Barnhart v. Walton*, 535 U.S. 212 (2002), upheld the Commissioner's interpretation of this statutory definition which requires that the disability, and not only the impairment, must have existed or be expected to exist for 12 months. Despite plaintiff's July 2000 alleged onset date, the relevant period in this case actually begins at the time of plaintiff's protective filing for benefits, April 18, 2001. This is because under Title XVI, a claimant may not receive benefits for any period prior to the filing of an application. *See* 20 C.F.R. §§ 416.330 and 416.335 (2004). Therefore, the relevant period under consideration begins with April 18, 2001, the date plaintiff filed her application.[1]

The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. *See* 20 C.F.R. § 416.920 (2004). Plaintiff must show that she has not engaged in substantial gainful activity and has an impairment that is "severe" under the meaning of the Act at steps one and two, respectively. *Id*. If a claimant establishes that she is not able to return to her past relevant work at step four of the

---

[1] Upon review of the record and applicable authority herein, the defendant's position is found to be controlling. Much of defendant's brief is adopted without quotation noted.

sequential evaluation process, the burden of production shifts to the Commissioner to show that the claimant can perform work existing in significant numbers in the national economy. *See* 20 C.F.R. § 416.920 (2003). The Commissioner may meet this burden by relying on the medical-vocational guidelines (guidelines) or vocational expert testimony.

In the case at hand, the ALJ determined that plaintiff's subjective complaints were not totally credible and that plaintiff did not have an impairment that more than minimally impaired her ability to perform work-like activities for more than 12 months. The ALJ, therefore, determined plaintiff did not have any impairment that was "severe" under the meaning of the Act. Plaintiff argues that it was error for the ALJ to so hold.

Under step two of the sequential evaluation process, 20 C.F.R. § 416.920(c):

> "[o]nly those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking " the subsequent steps of the sequential evaluation process.

*Brown v. Bowen*, 827 F.2d 311, 312 (8th Cir. 1987), citing *Bowen v. Yuckert*, 107 S.Ct. 2287 (1987). "Basic work activities" are the abilities and aptitudes necessary to do most jobs, and include physical functions such as walking ,standing, sitting, and lifting; seeing, hearing and speaking; understanding, remembering and carrying out simple instructions; using judgment; responding to supervision and coworkers; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 416.921 (2004). Importantly, as stated above, plaintiff must show that these limitations in basic work activities have lasted or can be expected to last for not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A); *Barnhart v. Walton*, 535 U.S. 212 (2002).

3

In this case, the ALJ found that plaintiff's injuries from an automobile accident and thyroiditis[2] did not meet the durational requirement of the Act. While each of these impairments caused an impact on plaintiff's functioning, each resolved relatively quickly. For example, plaintiff's thyroiditis was controlled by medication no later than August 2002. Except for her complaints of neck pain, discussed below, plaintiff does not appear to contest these findings by the ALJ.

Plaintiff's main argument appears to be that the ALJ did not adequately consider her complaints of neck pain, arguing "the ALJ failed to discuss this significant cervical pathology, nor why he failed to acknowledge that the pathology in the cervical spine lasted continuously for at least twelve months." However, the record reflects that in evaluating plaintiff's subjective complaints, the ALJ considered the factors for evaluating subjective complaints set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The factors that the Commissioner must consider include: objective medical evidence; plaintiff's work record; evidence relating to plaintiff's daily activities; the duration, intensity and frequency of pain; dosage, effectiveness and side effects of medication; precipitating and aggravating factors; and functional restrictions. *Id*. at 1321-1322. The primary question is not whether plaintiff experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent her from performing substantial gainful activity. *See McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996). The Commissioner may discredit subjective complaints if there are inconsistencies in the evidence on the record as a whole. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000). Where an ALJ specifically discredits a claimant's testimony for stated reasons, the court normally defers to the

---

[2]Many of the medical records summarized by plaitniff pertain to events that took palce well prior to the beginning of the April 2001 relevant period.

ALJ's determinations of credibility. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991).

Regarding plaintiff's complaint of neck pain, the ALJ acknowledged that she had been seen for a neck consultation by Dr. Rahman in August 2001. It is this same report, the only detailed analysis of plaintiff's alleged neck pain during the relevant period, that plaintiff relies on in her contention that the ALJ overlooked the extent of her objective impairments. Plaintiff quotes her own statements made during her examination with Dr. Rahman, and then cites general medical literature, which she believes suggests others with her impairment may be disabled. While plaintiff cites Dr. Rahman's diagnosis, she fails to mention Dr. Rahman's actual clinical findings. Dr. Rahman noted that she did not have any limitations in her range of motion in her neck or back. Contrary to plaintiff's complaints of extreme pain, Dr. Rahman observed that her neck and back did not even have any tenderness to palpitation. Plaintiff's strength was noted to be almost completely normal, except for some slightly reduced grip strength in one hand. Contrary to plaintiff's claim that she had difficulty walking, Dr. Rahman observed no difficulties in her gait at all. Plaintiff's sensation was also normal. Dr. Rahman's findings support the determination of the ALJ.

The record does not support plaintiff's subjective complaints of serious impairment. For example, it does not appear that plaintiff has been prescribed anything but conservative treatment. She had not undergone surgery, or any other serious measure to resolve neck pain. The Eighth Circuit has consistently held that allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *See Loving v. Dept. of Health & Human Services*, 16 F.3d 967, 970 (8th Cir. 1994); *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992); *Nelson v. Sullivan*, 946 F.2d 1314, 1317 (8th Cir. 1991). While plaintiff testified to

5

overwhelming levels of pain, many of her medical records document other, more mild illnesses, and do not mention neck pain specifically. As the Supreme Court stated in *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987), "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition to do so."

Plaintiff contends it was improper for the ALJ to cite her lack of work history and recent divorce in finding that she may not have been fully motivated to work. Plaintiff's lack of work history alone would not necessarily mean that she is not credible regarding her allegations of disability. However, it was proper for the ALJ to cite her possible lack of motivation for working when considered with the remainder of the other evidence in the record. *See Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("a lack of work history may indicate a lack of motivation to work rather than a lack of ability") *citing Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993) (claimant's credibility is lessened by a poor work history).

Plaintiff contends the ALJ should have found she was disabled because her back impairment met or equaled the listed impairment for disorders of the spine, found at 20 C.F.R. pt. 404, subpt. P, app.1, § 1.04. However, plaintiff has not reached the third step of the sequential evaluation process, where consideration of the listing of impairments occurs. *See* 20 C.F.R. § 416.920(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not got on to the next step"). Her argument regarding step three is therefore not reached.

Plaintiff further contends that the ALJ should have credited Rick Jones, M.D.'s opinion that she suffered from disabling pain. Although the opinions of a treating physician are entitled to substantial weight, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995) (citing *Ward v. Heckler*,

6

786 F.2d 844, 846 (8th Cir. 1986)), such an opinion is not conclusive and must be supported by medically acceptable clinical or diagnostic data. *See Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998); *Troussauer v. Chater*, 121 F.3d 341, 343 (8th Cir. 1997). The Commissioner may reject the opinion of any medical expert if it is inconsistent with the medical record as a whole. *See Bentley v. Shalala*, 52 F.3d 784, 787 (8th Cir. 1995). Moreover, a treating physician's opinion deserves no greater respect than any other physician's opinion when the treating physician's opinion consists of nothing more than vague, conclusory statements. *See Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996). In this case, the ALJ specifically explained his reasons for rejecting Dr. Jones' residual functional capacity assessment, and the ALJ's reasons are supported by the record as a whole.

The ALJ properly rejected Dr. Jones' opinion that plaintiff was disabled because his opinion was not supported by his own medical treatment notes or by other evidence of record. The ALJ pointed out that plaintiff's treatment notes with Dr. Jones show that she visited the doctor periodically for varying and transient complaints, such as sinus infection, virus, "facial numbness," shortness of breath, and thyroiditis. While Dr. Jones sent plaintiff to see Dr. Ahmed for an evaluation of her complaints of neck pain, plaintiff has not shown that she consistently mentioned neck or back pain to Dr. Jones. Therefore, the ALJ properly determined that Dr. Jones' opinion regarding plaintiff's residual functional capacity was likely based on plaintiff's own subjective complaints, and therefore was not due the deference normally afforded a treating physician's opinion. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (ALJ may reject the opinion of any medical expert where it is inconsistent with the medical record as a whole).

7

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

/s/ Gary A. Fenner  
GARY A. FENNER, JUDGE  
United States District Court

DATED: August 12, 2005

8

Case 6:04-cv-03337-GAF   Document 16   Filed 08/12/05   Page 8 of 8